In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00299-CV**
_____

**IN RE SHELBY GORE AND JORDAN GORE**

_____

**Original Proceeding**
**58th District Court of Jefferson County, Texas**
**Trial Cause No. 26DCCV0558**
_____

**MEMORANDUM OPINION**

Relators Shelby Gore and Jordan Gore petition for a writ of mandamus directing the trial court to vacate the June 25, 2026 order denying their Motion to Compel Disclosures and sign an order compelling Real Parties in Interest Taylor Davis and Surfaces X TD, LLC to serve amended disclosures.

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial

1

court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See Prudential*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840.

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

We conclude that at this stage of the litigation and on this record, the Relators have not shown that they are entitled to mandamus relief. Accordingly, we deny the petition for a writ of mandamus and any request for temporary relief. *See* Tex. R. App. P. 52.8(a); 52.10(a).

PETITION DENIED.

PER CURIAM

Submitted on August 5, 2026
Opinion Delivered August 6, 2026

Before Johnson, Wright and Chambers, JJ.

2